# EXHIBIT A

# COMPLAINT

EXHIBIT A

Electronically Filed
9/17/2021 2:17 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Jack F. DeGree, Esq.
Nevada Bar No. 11102
**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE PC**
3993 Howard Hughes Pkwy., Suite 470
Las Vegas, NV 89169
Phone: (702) 668-2070
Fax: (702) 668-2071
jdegree@burgsimpson.com
*Attorney for Plaintiff*

CASE NO: A-21-841245-C
Department 14

### DISTRICT COURT
### CLARK COUNTY, NEVADA

| | |
|---|---|
| VICTORIA WASHINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION, a foreign corporation; DOE EMPLOYEES 1 through 20; ROE CORPORATIONS 1 through 20. <br><br> Defendants. | CASE NO.: <br><br> DEPT NO.: <br><br> **COMPLAINT** <br><br> *DEMAND FOR JURY TRIAL* <br><br> **ARBITRATION EXEMPTION CLAIMED** <br> [Amount in Controversy Exceeds $50,000.00] |

Plaintiff VICTORIA WASHINGTON, by and through her counsel, JACK F. DEGREE, ESQ. of the law firm of BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff VICTORIA WASHINGTON is and at all times relevant to this action a resident of the County of Clark, State of Nevada.

2. Defendant COSTCO WHOLESALE CORPORATION ("Costco") is and was at all times relevant to this action a foreign corporation licensed to do business in the County of Clark, State of Nevada.

Page 1 of 8

3. This Court has jurisdiction over this matter pursuant to NRS 14.065, the amount in controversy exceeds $15,000, and venue is proper under NRS 13.040.

4. The true names and capacities, whether individually, corporate, by association or otherwise of the Defendants designated herein as DOES 1 through 10 and ROE COMPANIES 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff alleges that each named Defendant herein designated as DOES 1 through 10 and ROE COMPANIES 1 through 10, are legally responsible for the events and happenings referred to herein and, in turn, proximately caused damages to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when the same have been ascertained and will further seek leave to join said Defendants in these proceedings.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants and each of them, including DOE EMPLOYEES 1 through 10 and ROE COMPANIES 1 through 10, were agents, principals, servants, employees, partners, or joint venturers of their Defendant and that in doing the acts herein alleged, were acting within the course and scope of said relationship, agency, employment, partnership, and/or joint venture. Each and every Defendant was acting as a principal and was negligent or grossly negligent in ratifying the conduct of every other Defendant as an agent, principal, servant, employee or joint venture.

## GENERAL ALLEGATIONS

6. Costco is licensed to do business in Nevada and owns, operates, manages, and/or controls that certain Costco Wholesale location at 791 Marks Street, Henderson, Nevada 89014 (the "Premises").

7. On September 20, 2019, Plaintiff was a guest and member lawfully on the Premises.

8. At all relevant times, Defendant was responsible for all maintenance, inspection, cleaning, and safety of the concrete flooring located within the Premises.

9. At approximately 1:00 p.m. on September 20, 2019, Plaintiff slipped and fell near the front entrance of the location on a wet, liquid substance that had been spilled and accumulated on the concrete flooring.

10. Plaintiff impacted with the ground, causing considerable injury to her right knee, right foot, right leg, and low-back.

11. Defendant owed Plaintiff a duty to control, inspect, clean and maintain the concrete flooring of the Costco entryway in a reasonably safe manner and free of dangerous conditions.

12. The Costco entryway near where this incident occurred was prevalent of numerous deficiencies, all of which caused or contributed to creating an unsafe, hazardous condition.

13. The deficiencies present in, on, near or around the entryway of Costco at the time Plaintiff fell included, but are not limited to: (i) Defendant's failure to inspect the flooring in the area for any accumulated wet liquid; (ii) Defendant's failure to properly clean the wet flooring in the area; (iii) Defendant's failure to maintain the flooring in the area free of spilled liquids; (iv) Defendant's failure to warn of wet flooring in the area; and (v) Defendant's failure to implement measures to protect against slip and falls in the area.

14. Defendant, through reasonable inspection, observation, and monitoring knew or in the exercise of reasonable care should have known of the unsafe and hazardous condition located on the flooring at the entryway of this Costco location.

15. Defendant negligently, and without due regard for the safety of its guests, permitted a known, dangerous condition to exist which caused unreasonable risk of harm to Plaintiff.

16. Had Defendant corrected the multitude of deficiencies in and around the entryway of this Costco location, the harms and losses sustained by Plaintiff would not have occurred.

## FIRST CAUSE OF ACTION

### *(Negligence – As to All Defendants)*

17. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

18. Defendant, by and through its agents, employees, and affiliates, owed Plaintiff a non-delegable duty to exercise reasonable care to protect Plaintiff and other members of the public from dangers of which it knew or should have known.

19. Defendant had a duty to undertake precautions and implement procedures to protect Plaintiff and other members of the public in a reasonably safe manner.

20. Defendant breached the duty of care owed to Plaintiff and guests by unreasonably failing to exercise reasonable care to protect against unsafe and hazardous conditions in and around the entryway of Costco, including: (i) Defendant's failure to inspect the flooring in the area for spilled liquid; (ii) Defendant's failure to properly clean wet flooring in the area; (iii) Defendant's failure to maintain the flooring in the area free of spilled liquid; (iv) Defendant's failure to warn of wet flooring in the area; and (v) Defendant's failure to implement measures to protect against a slip and fall in the area.

21. Defendant knew or, in the exercise of reasonable care, should have known that its failures would cause foreseeable and unnecessary risk of harm to Plaintiff.

22. As a direct and proximate result of Defendant's negligence, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature to her right foot, right knee, right leg, and low back and all of which go to her general, special and compensatory damages in an amount in excess of $15,000.00.

23. As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred expenses for medical care, treatment, and related incidental expenses, and will further be required in the future to incur additional expenses for further medical care and treatment.

24. As a further direct and proximate result of Defendant's negligence, Plaintiff has suffered great pain, disfigurement, mental anguish and distress, loss of enjoyment of life, and loss of household services, both past and future.

25. As a further direct and proximate result of Defendant's negligence, Plaintiff has been required to engage the services of an attorney to bring this action and is therefore entitled to recover reasonable attorney fees, costs, and prejudgment and post-judgment interest, as applicable.

## SECOND CAUSE OF ACTION

*(Negligent Hiring, Training, Supervision, and Retention – Against All Defendants)*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. At all relevant times, Defendant owed Plaintiff a duty to hire, train, supervise, and retain staff who were trained, educated, and capable and qualified to perform services designed to prevent or limit unnecessary risk of foreseeable harm.

28. At all relevant times, Defendant had a duty to effectuate and implement reasonable policies and procedures regarding the hiring, training, supervision, and retention of staff who were trained, educated, and otherwise capable and qualified to perform services designed to prevent or limit unnecessary risk of harm.

29. At all relevant times, Defendants had a duty to keep the premises in and around the entryway of Costco in a reasonably safe condition.

30. At all relevant times, Defendant breached its duties by failing to train, hire, educate, supervise and retain staff qualified to perform services to minimize the risk of unnecessary and foreseeable danger to Plaintiff.

31. At all relevant times, Defendant breached said duties by failing to effectuate and implement policies and procedures regarding the hiring, training, supervision, and retention of staff trained, educated and otherwise capable and qualified to perform the services necessary.

32. As a direct and proximate result of Defendant's negligence, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature to her right foot, right knee, right leg, and low back and all of which go to her general, special and compensatory damages in an amount in excess of $15,000.

33. As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred expenses for medical care and treatment, and related incidental expenses, and will further be required in the future to incur additional expenses for further medical care and treatment.

34. As a further direct and proximate result of Defendant's negligence, Plaintiff has suffered pain, disfigurement, mental anguish and distress, loss of enjoyment of life, and loss of household services, both past and future.

35. As a further direct and proximate result of Defendant's negligence, Plaintiff has been required to engage the services of an attorney to bring this action and is therefore entitled to recover reasonable attorney fees, costs, and prejudgment and post-judgment interest, as applicable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Special damages in an amount in excess of $15,000.00;
2. Compensatory damages in an amount in excess of $15,000.00;
3. General damages in an amount in excess of $15,000.00;
4. Attorney's fees and costs of suit incurred herein;
5. For pre-judgment and post-judgment interest as provided by law; and

6. For such other and further relief as the Court may deem just and proper.

DATED this 17th day of September, 2021.

                               **BURG SIMPSON**
                               **ELDREDGE HERSH & JARDINE PC**

                               */s/ Jack DeGree*
                               JACK F. DEGREE, ESQ.
                               Nevada Bar No. 11102
                               3993 Howard Hughes Pkwy., Ste. 470
                               Las Vegas, NV 89169
                               *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her counsel of record, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., hereby demands a jury trial of all of the issues in the above-entitled matter.

DATED this 17th day of September, 2021.

                                   **BURG SIMPSON**
                                   **ELDREDGE HERSH & JARDINE PC**

                                   */s/ Jack DeGree*
                                   JACK F. DEGREE, ESQ.
                                   Nevada Bar No. 11102
                                   3993 Howard Hughes Pkwy., Ste. 470
                                   Las Vegas, NV 89169
                                   *Attorney for Plaintiff*