EDGAR CARRANZA, ESQ.
Nevada Bar No. 5902
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
MESSNER REEVES LLP
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone:    (702) 363-5100
Facsimile:    (702) 363-5101
E-mail: ecarranza@messner.com
        mwessel@messner.com
*Attorneys for Defendant*
*COSTCO WHOLESALE CORPORATION*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA WASHINGTON, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation; DOE EMPLOYEES 1 through 20; ROE CORPORATIONS 1 through 20.<br><br>Defendants. | CASE NO.   2:22-cv-00198-APG-EJY |

**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN
AND SCHEDULING ORDER [FOURTH REQUEST]**

Plaintiff, VICTORIA WASHINGTON, by and through counsel, Jack Degree, Esq. of Burg Simpson, and Defendant, COSTCO WHOLESALE CORPORATION, by and through counsel, Edgar Carranza, Esq. and Megan E. Wessel, Esq. of the law firm Messner Reeves LLP, hereby submit the instant stipulation and order to extend the Discovery Plan and Scheduling Order pursuant to Local Rule II 26-4 as follows:

///

**I.     GOOD CAUSE SUPPORTING THE EXTENSION.**

The parties come to this Court seeking a fourth extension of the Discovery Plan and Scheduling Order governing this premises liability/personal injury case. The parties have continued to diligently move this case forward but significant discovery remains to be completed which has been hindered by pertinent witness availability which warrants the requested extension.

**A.     SUMMARY OF EFFORTS THUS FAR.**

This lawsuit involves allegations that Plaintiff, VICTORIA WASHINGTON suffered personal injuries as a result of a fall she experienced while at the Costco warehouse, located at 791 Marks Street, Henderson, Nevada 89104, following an encounter with liquid substance on the floor near the front entrance of the warehouse.

On September 17, 2021, Plaintiff filed her Complaint against Costco with the Eighth Judicial District Court for Clark County, Nevada. On January 10, 2022, Costco filed its Answer denying Plaintiff's allegations and denying all liability for the injuries.

On January 28, 2022, Plaintiff filed her Petition for Exemption from Arbitration in which she outlined her claimed injuries and alleged damages. On February 2, 2022, Costco filed its Notice of Removal and removed the matter to this Court based on diversity jurisdiction. On February 16, 2022, Costco filed its Statement Regarding Removal.

The parties participated in the Fed. R. Civ. P. 26(f) conference on March 8, 2022, and filed their proposed Joint Discovery Plan and Scheduling Order which was entered by this Court on March 17, 2022.

To further facilitate discovery without the need for extensive motion practice, the parties also negotiated and crafted a Stipulated Confidentiality Agreement and Protective Order providing protections for information and material deemed confidential by Costco to help facilitate the exchange of this material during discovery. It was filed with this Court on September 8, 2022, and supplemental disclosures have been forthcoming since.

In the interim, the parties have been engaged in discovery. Initially, they exchanged their respective Fed. R. Civ. P. 26 disclosures on March 16, 2022 (by Plaintiff) and March 21, 2022 (by

1  Costco), respectively.

2  Next, the parties served a first set of written discovery requests to each other, all of which
3  have been responded to.

4  At the same time, Plaintiff's medical records referenced in her initial disclosures have been
5  secured independently directly from the health care providers. As they are being produced,
6  supplemental disclosures are being served to provide the records to all parties.

7  Further, the parties took it upon themselves to meet and confer on multiple occasions in
8  November 2022 regarding discovery responses. As of the time of the last extension request
9  Defendant had subpoenaed seventeen (17) new medical providers relevant to Plaintiff's pre- and post-
10 incident treatment. These subpoenas were accomplished by the parties working together.

11 To date, Defendant has received sixteen (16) of the seventeen (17) sets of records, and through
12 diligent follow-ups of Defendant, they have learned the out of state providers do not anticipate records
13 to be provided until after the deadline to disclose experts has passed. The remaining record details
14 Plaintiff's medical history and is pertinent for all parties' experts to formulate complete opinions and
15 to facilitate the parties ongoing settlement discussions.

16 The parties were able to take Plaintiff's deposition on March 21, 2023, and have scheduled
17 the FRCP 30(b)(6) deposition but unfortunately the deponent is not available until June 21, 2023, or
18 after expert disclosures are due. Plaintiff requires said testimony to be able to disclose experts and
19 the parties have met and conferred to agree again to avoid court intervention and stipulate one last
20 time to an extension in this matter given the unavailability of the pertinent witness.

21 Finally, the parties have been in active resolution discussions and are setting the necessary
22 discovery such as Plaintiff's deposition to further the parties desire to resolve this matter outside of
23 any court intervention.

24 **B. GOOD CAUSE.**

25 This is a significant personal injury matter that will require significant effort by both parties.
26 Plaintiff has already identified significant past medical expenses ($92,149.65), future medical
27 expenses she is still determining (unknown), and loss of household services (unknown), to name some
28

of the damage components identified thus far. Significant effort will be required to address each of the damage components, and the liability portion of this case. The parties have been diligently moving discovery forward but there are still important medical records outstanding that may directly affect medical provider depositions needed and resolution efforts. The outstanding records are also required to retain experts and to move forward with Plaintiff's deposition.

Further, the FRCP 30(b)(6) deponent is not available, at no fault of the parties, until after the time for expert disclosures. This testimony is required for Plaintiff to disclose experts and unfortunately there is no earlier available time in which to take this deposition.

Other discovery and resolution discussions have continued and neither party is allowing this case to sit stationary or attempting to unduly delay these proceedings.

II.     **DISCOVERY COMPLETED TO DATE**.

In accordance with LR II 26-4(a), the Parties provide the following statement of discovery completed to date:

    A.    Plaintiff's Discovery.

        1.    Plaintiff's FRCP 26 initial disclosures served 03-06-22;

        2.    Plaintiff's First Set of Interrogatories to Costco served 04-14-22;

        3.    Plaintiff's First Set of Requests for Production to Costco served 04-14-22;

        4.    Plaintiff's First Set of Requests for Admission to Costco served 04-14-22;

        5.    Plaintiff's Answers to Costco's First Set of Interrogatories served on 06-23-22;

        6.    Plaintiff's Responses to Costco's Request for Production served on 06-23-22;

        7.    Plaintiff's Supplemental Answers to Costco's First Set of Interrogatories served on 11-23-22;

        8.    Plaintiff's First Supplemental Disclosures served on 08-30-22;

        9.    Plaintiff set to depose Defendant's FRCP 30(b)(6) witness on June 21, 2023.

    B.    Defendant's Discovery.

        1.    Costco's FRCP 26 initial disclosures served 03-21-22;

2. Costco's First Set of Interrogatories to Plaintiff served 05-24-22;

3. Costco's First Set of Requests for Production to Plaintiff served 05-24-22;

4. Costco's Answers to Plaintiff's First Set of Interrogatories served 06-07-22;

5. Costco's Responses to Plaintiff's First Set of Requests for Production served 06-07-22;

6. Costco's Responses to Plaintiff's First Set of Requests for Admissions served 06-07-22;

7. Costco subpoenas to Plaintiff's disclosed medical provider were served 07-12-22;

8. Costco's Meet and Confer Correspondence regarding further medical records and supplemental responses to written discovery served 10-31-22;

9. Parties Meet and Confer held on 11-3-22;

10. Costco subpoenas seventeen (17) relevant providers with authorizations served in Plaintiff's supplemental discovery responses on 12-6-22;

11. Costco has received sixteen (16) of seventeen (17) of the requested records as of May 31, 2023;

12. Defendant deposed Plaintiff on March 21, 2023.

## III. DISCOVERY REMAINING TO BE COMPLETED.

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

A. Plaintiff's remaining discovery.

1. Plaintiff must designate initial experts and produce the required report and materials.

2. Plaintiff must designate rebuttal experts and produce the required report and materials.

3. Deposition(s) of Costco's experts must be taken.

4. Depositions of Costco's personnel;

|     |     |     |
| --- | --- | --- |
| | 5. | Deposition of Costco's 30(b)(6) witness; |
| | 6. | On site inspection of the fall area. |
| B. | Defendant's remaining discovery: | |
| | 1. | Deposition of Ronnie Smith; |
| | 2. | Depositions of Plaintiff's treating providers; |
| | 3. | Obtain newly disclosed medical provider's records; |
| | 4. | Costco must designate initial experts and produce the required report and materials; |
| | 5. | Costco must designate rebuttal experts and produce the required report and materials;. |
| | 6. | Deposition(s) of Plaintiff's expert must be taken. |

## IV.   WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED.

As referenced above, the parties initially devoted some time to removing the case to this Court. Later, considerable effort and time was spent crafting, negotiating and ultimately agreeing to the Stipulated Confidentiality Agreement and Protective Order, which has been submitted to and endorsed by this Court. By agreeing to the same, the parties hope to facilitate the exchange Of confidential and/or proprietary material during discovery which could avoid delays as this case moves forward.

Once the parties embarked on discovery, they have been able to move this matter forward with the appropriate diligence. As detailed above, significant discovery has been completed including the exchange of initial disclosures, completion of multiple waves of written discovery and securing independent copies of Plaintiff's medical records.

The parties were also able to meet and confer on multiple occasions and resolve discovery disputes without this Court's intervention. After completion of the parties' meet and confer efforts, seventeen (17) providers required a subpoena for records. The authorizations to gather these records were provided on November 23, 2022 and subpoenaed thereafter to avoid delay. Unfortunately, the last out of state provider with records pending indicated records will not be produced until after the

deadline to disclose experts.

Further, Defendant's FRCP 30(b)(6) deponent is not available until after the deadline to disclose experts, or June 21, 2023.

Therefore, despite the diligent efforts, significant discovery remains to be completed including on-site inspection of the fall area, gathering final pertinent medical records, and completion of Costco personnel depositions and completion of Costco's Rule 30(b)(6) deposition. Plaintiff's medical providers must also be deposed as will the parties' respective expert witnesses which cannot be accomplished without the relevant medical records. The experts also need to have available the deposition testimony of some of the providers in order to render a comprehensive opinion of their respective areas of expertise. Finally, Costco cannot reasonably retain experts until all relevant medical records are received without causing undue prejudice to its defense and Plaintiff requires the testimony of Defendant's FRCP 30(b)(6) witness to avoid the same.

V. **PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**.

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties respectfully submit that this constitutes good cause for the extension. The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| Scheduled Event | Current Deadline | ~~Proposed~~ Deadline |
|---|---|---|
| Discovery Cut Off | August 7, 2023 | October 6, 2023 |
| Amend Pleadings/Add Parties | Closed | Closed |
| Initial Expert Disclosures | June 8, 2023 | August 7, 2023 |
| Rebuttal Expert Disclosures | July 10, 2023 | September 8, 2023 |
| Dispositive Motions | September 5, 2023 | November 3, 2023 |
| Joint Pre-Trial Order | October 2, 2023 | December 1, 2023 |

///

///

///

This is the fourth request for extension of time in this matter and no trial date will be impacted by the extension as no such trial date has been set. The parties submit that the reasons set forth above constitute good cause for the requested extension.

DATED this 1st day of June, 2023.                              DATED this 1st day of June, 2023.

**MESSNER REEVES, LLP**                                         **BURG SIMPSON**

By:  */s/ Megan E. Wessel*                              By:  */s/ Jack DeGree*
Megan E. Wessel, Esq.                                          Jack F. Degree, Esq.
Nevada Bar No. 14131                                           Nevada Bar No. 11102
8945 West Russell Road, Suite 300                              7785 West Sahara Ave., Ste. 102
Las Vegas, Nevada 89117                                        Las Vegas, Nevada 89117
Attorney for Defendants                                        Attorneys for Plaintiff
COSTCO WHOLESALE                                               VICTORIA WASHINGTON
CORPORATION

**IT IS SO ORDERED.**

DATED this 2nd day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE